UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESE MATHIS,

          Plaintiff,          No. 10-CV-13500

vs.          Hon. Gerald E. Rosen

THE HARTFORD INSURANCE
COMPANY,

          Defendant.
_____/

OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND AND ORDER
REMANDING CASE TO WAYNE COUNTY CIRCUIT COURT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    October 12, 2010

PRESENT:   Honorable Gerald E. Rosen
                   United States District Chief Judge

## I. INTRODUCTION

This action to recover benefits allegedly due and owing under a no-fault automobile insurance policy is presently before the Court on Plaintiff Therese Mathis's "Objection to Removal and Motion to Remand." Defendant Hartford Insurance Company has responded to Plaintiff's Motion. Having reviewed the parties' briefs and supporting documents, and the record as a whole, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument

1

would not assist in the resolution of this matter. Accordingly, the Court will decide the motion "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's rulings.

## II. FACTUAL BACKGROUND

Plaintiff Therese Mathis was a passenger in an automobile that was involved in a collision in the City of Detroit on May 4, 2009. Defendant Hartford Insurance Company of the Midwest was the insurer of the automobile. The insured of Hartford's policy is Gerald McCoy, a non-party to this action. *See* Defendant's Response to the Court's September 8, 2010 Order to Show Cause, Ex. A and Plaintiff's Motion to Remand, Ex. 2.[1] Mathis sustained disabling injuries in the accident which required medical treatment, rehabilitation treatment, prescription items and medical appliances. She also allegedly suffered wage loss.

On May 5, 2010, Mathis filed suit in Wayne County Circuit Court, to recover benefits allegedly due and owing to her under Mr. McCoy's policy with Hartford. On

---

[1] The Court had show caused Hartford, the removing party, regarding the jurisdictional amount in controversy. The Court vacated that Show Cause Order on September 10, 2010 after Defendant submitted to the Court a copy of the Plaintiff's demand letter. In vacating the Order to Show Cause, the Court did not foreclose further inquiry into the question of federal question jurisdiction, and, in fact, the documents produced by Defendant in responding to the Show Cause Order raised an additional jurisdictional issue. "The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Robinson v. Michigan Consolidated Gas Co., Inc.*, 918 F.2d 579, 582 (6th Cir.1990). This additional jurisdictional issue is the subject of Plaintiff's Motion to Remand.

September 2, 2010, Hartford removed the action to this Court claiming diversity of citizenship as the basis for federal court jurisdiction, predicated upon its allegations that Plaintiff Mathis is a citizen of Michigan, while Hartford is incorporated in Indiana and has its principal place of business in Connecticut.

Plaintiff Mathis now argues that complete diversity of citizenship is lacking. Her argument is premised upon 28 U.S.C. § 1332(c)(1), which states:

> For purposes of this section and section 1441 of this title [which governs removal of actions]
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, ***except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,*** as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added).

The insurance amendment to Section 1332(c)(1) which added the language highlighted above, came in response to state statutes that authorized direct actions against tortfeasors' insurers without action against the tortfeasor. *See Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 10 (1989). Such direct action statutes effectively created diversity jurisdiction where the injured party and the insured were in fact citizens of the same state. *Id.* These direct action statutes increased the case burden on the federal courts by fabricating diversity where it would previously not have existed. *Henderson v. Selective*

3

*Ins. Co.*, 369 F.2d 143, 149 (6th Cir. 1966). The amendment was enacted to counter-act that fabrication. *Id.*

As the Sixth Circuit has observed, Michigan's no-fault insurance statutory scheme operates the same way as the direct action statutes the amendment responded to -- "it permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle." *Ford Motor Co. v. Insurance Company of North America*, 669 F.2d 421, 425 (6th Cir. 1982). In suits against insurers under Michigan's no-fault scheme, the direct action provision in 28 U.S.C. § 1332(c)(1) is applicable, and where imputing the insured's citizenship to the insurer destroys diversity, the federal court is without jurisdiction to hear the case. *Id. See also*, *McMurry v. Prudential Prop. & Cas. Ins. Co.,* 458 F. Supp. 209 (E.D. Mich. 1980); *Tyson v. Conn. Gen. Life Ins. Co.*, 495 F. Supp. 240 (E.D. Mich. 1980) (both cases expressly adopted by *Ford Motor Co., supra*, as correct views of the applicability of § 1332(c)(1) to Michigan's no-fault laws).

Pursuant to Section 1332(c)(1), this Court lacks subject matter jurisdiction over this action. Mathis is a citizen of Michigan. Hartford is a citizen of Indiana and, Connecticut, and because McCoy, the insured, is apparently a citizen of the State of Michigan[2] and is not named as a party-defendant, the insurance company is also deemed

---

[2] Defendant has not asserted that McCoy is not a Michigan citizen and in its response entirely ignores the question of McCoy's citizenship. This information, however, is obviously information known to Defendant as McCoy is the named insured on the policy in question, *see* Hartford's "Explanation of Benefits," Plaintiff's Ex. 2 on

a citizen of the State of Michigan. Mathis's position as a claimant-passenger in the vehicle owned by the insured has no effect on the applicability of the direct action provision.

This case presents virtually the same facts presented in *McMurry, supra*. In that case, the plaintiff, Jackie McMurry, was injured in an automobile accident while she was a passenger in an automobile driven and owned by one L. C. King. McMurry who was a Michigan resident, filed suit in the Wayne County Circuit Court under the Michigan No-Fault Insurance Act against Prudential Property and Casualty Insurance Company, the insurer of King's automobile, alleging that it had failed to reimburse her for all of her medical expenses incurred on account of injuries sustained in the accident. Prudential, which was incorporated in New Jersey and had its principal place of business in that state, removed the action to this court, asserting diversity of citizenship and the requisite jurisdictional amount in controversy. Judge Cornelia Kennedy determined that diversity jurisdiction was lacking, explaining:

> At the time Congress passed the direct action proviso, the concept of no-fault was no more than an idea of Professors Keeton and O'Connell; whereas today it has produced a major change in tort law. There are a

---

which Hartford itself listed "Gerald McCoy" as the "Insured" and "Therese Mathis" as the "Claimant." Further, it does not appear from the parties' pleadings that McCoy is a citizen of any state other than Michigan. Indeed, to infer that McCoy is not a citizen of Michigan would give Mathis's motion no basis in law or fact. In any event, as the burden to establish federal court jurisdiction is on the removing party, *see Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993), it was Hartford's burden to establish facts demonstrating the non-applicability of the insurance proviso in Section 1332(c)(1). Hartford has not met this burden.

5

number of reasons why although not specifically passed to eliminate diversity in no-fault cases the proviso should apply to diversity so created. First, there can be no question that no-fault is still a part of an ongoing tort liability system. No-fault actions possess the hallmarks of direct actions. Therefore, the proviso should apply in no-fault suits, at least in those instances where the named insured is not the plaintiff. This suit is based on a policy or contract of liability insurance, it involves a direct action against an insurer, and the insured is not a party-defendant, but would be, were it not for the no-fault statute.

Although the defendants may contend that the proviso is inapplicable because no-fault is an indemnity contract rather than a policy or contract of liability insurance as required by the proviso, that characterization does not necessarily follow. . . . [T]here is no reason to think that Congress intended to give the word "liability" an overly precise definition in this context. It is more likely that the term was used to confine the proviso's operation to common law tort cases. Furthermore, no fault insurance has been denominated liability insurance in the Michigan no-fault statute itself. See, e. g., Mich.Comp.L.Ann. §§ 500.3112, 500.3121(1).

\* \* \*

It is also apparent that the no-fault statute in Michigan is a species of direct action. The Michigan No-Fault Insurance Act, Mich.Comp.L.Ann. §§ 500.3101-500.3179, represents a state reform that makes it possible to bring suit in certain cases directly against an insurer, rather than suing the tortfeasor in a common law suit. . . .

. . . The Michigan No-Fault Insurance Act, which became law on October 1, 1973, was offered as an innovative social and legal response to the long payment delays, inequitable payment structure, and high legal costs inherent in the tort (or 'fault') liability system. The goal of no-fault insurance was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses. . . . Under this system, victims of motor vehicle accidents would receive insurance benefits for their injuries as a substitute for their common-law remedy in tort.

It is obvious that Michigan's no-fault act is the sort of legislation Congress intended to cover in the proviso. But for the change created by

> the Michigan State Legislature, there would be no apparent jurisdiction in federal court to hear accident cases of an essentially local nature. It cannot be argued that the Michigan legislature intended to have or even could have any effect on federal jurisdiction by reforming its tort laws. In particular, where there are larger federal interests at stake in this case, [such as] reducing the overload on federal dockets, it is incumbent upon a federal court to apply the law to further the congressional policy. As an independent system, the federal courts must be concerned with the effect of a state law which disrupts the federal system and places an undue burden on it.
>
> The final requirement of the direct action proviso is that the insured not be a party-defendant. In this case, the insured is L. C. King, who is not a party to the present suit. It does not appear from the pleadings that the insured is a citizen of any state other than Michigan. Imputing his citizenship to the insurer destroys diversity, and this Court is accordingly without jurisdiction to hear the case.

458 F. Supp. at 211-213 (footnotes and some citations omitted).

Defendant's reliance on *Lee-Lipstreu v. Chubb Group of Ins. Co.*, 329 F.3d 898 (6th Cir. 2003), and the other cases cited in its Response Brief are inapposite.

*Lee-Lipstreu* involved an action known in Ohio as a *Scott-Pontzer* claim. In *Scott-Pontzer v. Liberty Mut. Fire & Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), the Ohio Supreme Court held that employees may sue their employer's insurance carrier to recover underinsured motorist benefits. *Id*. at 1119-20. The Ohio court reasoned that an insurance policy issued to a corporation provides coverage for its employees if the term "you" in the policy is ambiguous. *Id*. at 1119.

The parties in *Lee-Lipstreu* did not dispute that at the time Lee-Lipstreu was injured, she was an employee of National City Corporation and pursuant to

7

*Scott-Pontzer*, she was an "insured" under her employer's commercial general liability policy. It was for this reason that the Sixth Circuit held Lee-Lipstreu's direct action against her employer's insurance carrier did not implicate the "direct action" provision in Section 1332(c)(1):

> [A]pplication of the direct action provision of § 1332(c)(1) [here] ignores a fundamental component of a *Scott-Pontzer* claim -- that the entire suit rests on the conclusion that *the employee is the insured* under the policy. Thus, in a *Scott-Pontzer* claim, the insured sues her own insurance carrier. The insured obviously is not joined as a party-defendant because the insured is the plaintiff. Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity-federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. We recognize that the direct action provision applies in certain situations involving insureds and insurers, but we conclude that it does not apply here.

329 F.3d at 899-900 (emphasis in original).

Similarly, though the district court cases cited by Defendant Hartford involved actions to recover no-fault automobile insurance benefits, the premise in each of the cases which led the respective courts to conclude the direct action provision of Section 1332(c)(1) did not apply was that in each of those cases, the plaintiff was the insured. See *Warren v. State Farm*, 2007 U.S. Dist. LEXIS 31408 (E.D. Mich. 2007) and other cases cited at page 9 of Defendant's Response Brief and appended as Exs. A-E.

Here, the evidence presented shows that Gerald McCoy was the insured, *not* Plaintiff Therese Mathis. Therefore, the cases relied upon by Defendant are inapplicable.

## CONCLUSION

For all of the foregoing reasons, the Court finds that federal court diversity jurisdiction is lacking. Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand **[Dkt. # 6]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this case be REMANDED to the Wayne County Circuit Court.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2010, by electronic and/or ordinary mail.

s/Felicia Moses for Ruth A. Gunther
Alternate Case Manager